**EOD**

07/27/2023

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **DONALD R. TRIPLETT, JR.** | § | Case No. 19-42570 |
| xxx-xx-8753 | § | |
| | § | |
| | § | |
| Debtor | § | Chapter 7 |

| | | |
|---|---|---|
| KEITH BLACK | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Adversary No. 20-04057 |
| | § | |
| DONALD R. TRIPLETT, JR. | § | |
| | § | |
| Defendant | § | |

| | | |
|---|---|---|
| RON VALK AND SHAWN VALK | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | Adversary No. 20-04058 |
| | § | |
| DONALD R. TRIPLETT, JR. | § | |
| | § | |
| Defendant | § | |

| | | |
|---|---|---|
| JEREMY HALTOM | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Adversary No. 20-04059 |
| | § | |
| DONALD R. TRIPLETT, JR. | § | |
| | § | |
| Defendant | § | |

**OMNIBUS MEMORANDUM OPINION REGARDING PLAINTIFFS'
MOTIONS FOR SUMMARY JUDGMENT**

ON THIS DATE the Court considered the following dispositive motions filed on

September 11, 2022 by the Plaintiffs, Keith Black, Ronald "Ron" Valk, Shawn Valk, and

Jeremy Haltom (the "Plaintiffs"), in each of the above matters:

1.   "Motion for Summary Judgment" filed by Plaintiff, Keith Black, in Adv.
     No. 20-4057 at dkt. # 170;

2.   "Motion for Summary Judgment" filed by Plaintiffs, Ronald and Shawn
     Valk, in Adv. No. 20-4058 at dkt. #194; and

3.   "Motion for Summary Judgment" filed by Plaintiff, Jeremy Haltom, in
     Adv. No. 20-4059 at dkt. #172.

The Court hereinafter collectively refers to these as the "Motions." Plaintiffs seek

orders granting them summary judgment on their causes of action. Defendant timely

responded to each of the respective Motions. Upon due consideration of the pleadings,

the proper summary judgment evidence submitted by the parties, and the relevant legal

authorities, the Court concludes that genuine disputes as to material facts remain, which

precludes a finding in favor of Plaintiffs.

## I. Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and

157(a). This Court has authority to enter final orders in this adversary proceeding

because it statutorily constitutes a core proceeding as contemplated by 28 U.S.C. §

157(b)(2)(A) and (J), and meets all constitutional standards for the proper exercise of full

judicial power by this Court.

## II. Factual and Procedural Background

Defendant, Donald R. Triplett, Jr. (the "Defendant" or "Debtor) has worked in the

construction business for a number of years.[1]  Defendant previously worked with the

Valks on construction projects through their company Platinum Construction.  That

relationship soured after Defendant allegedly discovered the Valks committed tax evasion

and reported their malfeasance.[2]  Following this alleged discovery, the Valks brought

multiple lawsuits against Defendant in state court.[3]  When Debtor eventually filed his

voluntary petition for relief under Chapter 7 in this Court, he listed Plaintiffs as unsecured

creditors on Schedule E/F.[4]

Defendant filed a voluntary petition for Chapter 7 relief under Title 11 of the

United States Code (the "Bankruptcy Code") on September 19, 2019.[5]  Plaintiffs all filed

their respective complaints on May 15, 2020.  Defendant filed a "Motion to Dismiss, or in

the Alternative, For More Definite Statement" in each case on July 13, 2020.  The Court

---

[1] *Black v. Triplett*, Adv. No. 20-4057, 7-8, Ex. D, ECF No. 170-4; *Valk v. Triplett*, Adv. No. 20-4058, 7-8, Ex. D, ECF No. 194-4; *Haltom v. Triplett*, Adv. No. 20-4059, 7-8, Ex. D, ECF No. 172-4.

[2] *Black*, Adv. No. 20-4057, 6, Ex. A, ECF No. 171-2; *Valk*, Adv. No. 20-4058, 6, Ex. A, ECF No. 195-2; *Haltom*, Adv. No. 20-4059, 6, Ex. A, ECF No. 173-2.

[3] *In re Triplett*, No. 19-42570, 3-7, ECF No. 29.

[4] *In re Triplett*, No. 19-42570, 64, ECF No. 31.

[5] The Hon. Brenda T. Rhoades presides over the Debtor's underlying bankruptcy case.  The Hon. Joshua P. Searcy presides over these adversary proceedings.

denied each of these motions on October 1, 2020. The Defendant filed his "Original

Answer" on October 16, 2020. Plaintiffs filed a "Motion to Bifurcate Claims under 11

U.S.C. § 727 From Claims under 11 U.S.C. § 523," which the Court granted on January

26, 2021.[6] The parties have engaged in extensive discovery disputes during both the

course of these adversary proceedings and the underlying bankruptcy case.[7]

After Plaintiffs filed the Motions on September 11, 2022, Debtor filed

"Defendant's Response to Motion for Summary Judgment" (the "Defendant's Response")

in each respective adversary on October 10, 2022. Plaintiffs filed replies to Defendant's

Response, and a "Response to Defendant's Objections to Summary Judgment Evidence"

on October 22, 2022. Defendant thereafter filed his own "Motions for Summary

Judgment" in each adversary on November 13, 2022, which the Court denied in an

omnibus order on March 22, 2023.

### III.  Summary Judgment Standard

A court may grant summary judgment "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there

is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law." *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986) (quoting

---

[6] *Black*, Adv. No. 20-4057, ECF No. 28; *Valk*, Adv. No. 20-4058, ECF No. 28; *Haltom*, Adv. No. 20-4059, ECF No. 28.

[7] *See In re Triplett*, No. 19-42570 (Bankr. E.D. Tex. 2019); *see also Black v. Triplett*, Adv. No. 20-04057 (Bankr. E.D. Tex. 2020); *see Valk v. Triplett*, Adv. No. 20-04058 (Bankr. E.D. Tex. 2020); *see also Haltom v. Triplett*, Adv. No. 20-04059 (Bankr. E.D. Tex. 2020).

Fed. R. Civ. P. 56(c)).[8]  Thus, if summary judgment is appropriate, the Court may resolve

the case as a matter of law.

The moving party always bears the initial responsibility of informing the Court of

the basis for its motion and producing evidence which it believes demonstrates the

absence of a genuine issue of material fact.  *Celotex Corp.*, 477 U.S. at 323.  The manner

in which the necessary summary judgment showing can be made depends on which party

will bear the burden of proof at trial.  *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1077

n.16 (5th Cir. 1994).  If the nonmovant "bears the burden of proof at trial, the movant

may merely point to an absence of evidence, thus shifting to the nonmovant the burden of

demonstrating by competent summary judgment proof that there is an issue of material

fact warranting trial."[9]  *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994)

(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  "A fact is material

only if its resolution would affect the outcome of the action."  *Wiley v. State Farm Fire &

Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009).  Thus, the nonmovant must evince more than

"some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith

Radio Corp.*, 475 U.S. 574, 586 (1986).  If the nonmoving party were to present these

---

[8] Fed. R. Bankr. P. 7056 incorporates Fed. R. Civ. P. 56 so as to apply to adversary proceedings.

[9] "[T]he burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case."  *Celotex Corp.*, 477 U.S. at 325.  It is insufficient, however, "to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove its case."  *In re Hydro-Action, Inc.*, 341 B.R. 186, 193 (Bankr. E.D. Tex. 2006).  "If the moving party fails to meet this burden, the motion must be denied, regardless of the nonmovant's response."  *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

factual disputes at trial, they must be such that a rational fact finder might find in favor of the nonmoving party. *Id*. at 587. "All reasonable inferences must be viewed in the light most favorable" to the nonmoving party, and "any doubt must be resolved in favor of the nonmoving party." *In re Louisiana Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017) (citing *Matsushita*, 475 U.S. at 586).

## IV.  Issues Precluded from Re-Litigation

For the reasons explained below, the Plaintiffs' requested judgment as a matter of law on their objections to discharge under 11 U.S.C. § 727 must be denied. Nevertheless, the following facts are relevant to the issues before the Court, and have been established in this proceeding under the guidelines of Local District Court Rule CV-56, as incorporated by Local Rule of Bankruptcy Procedure 7056(d).[10]  These facts will not be re-litigated at the trial for this adversary proceeding.

---

[10] Local District Court Rule CV-56 directs a movant to include a Statement of Undisputed Material Facts and to support such a statement with "appropriate citations to proper summary judgment evidence."  It directs a respondent to ensure that any response "should be supported by appropriate citations to proper summary judgment evidence."  With regard to the disposition of the motion, the rule states:

> (c) **Ruling**.  In resolving the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the response filed in opposition to the motion, as supported by proper summary judgment evidence.  The court will not scour the record in an attempt to unearth an undesignated genuine issue of material fact.

Thus, any failure by a respondent to controvert the material facts set forth in any of the motions or to support such a challenge by references to proper summary judgment evidence, results in the facts as claimed and supported by admissible evidence by the movant "admitted to exist without controversy." E.D. TEX. LOCAL R. CV–56(c).

*Underlying Bankruptcy Case*

1. The Court takes judicial notice of the docket in the underlying bankruptcy case.[11]

2. Debtor filed a voluntary petition for Chapter 7 relief on September 9, 2019.[12]

3. Debtor filed the petition without Schedules, Statements, and other required documents.[13]

4. Mark A. Weisbart (the "Trustee") was assigned as the Chapter 7 Trustee on September 20, 2019.[14]

5. Debtor filed his Original Schedules,[15] Chapter 7 Statement of Current Monthly Income Form 122A-1,[16] and Statement of Financial Affairs ("SOFA") on October 15, 2019.[17]

6. In his Schedules, Debtor valued his home at $210,000.00.[18] He reported less than $50.00 in several checking accounts, and no interest in any retirement or investment accounts as of his petition date.[19]

7. On his SOFA, Debtor identified a number of litigation proceedings to which he was a party in the year preceding his bankruptcy.[20] This litigation included several lawsuits by and against the Debtor, Ron Valk, Shawn Valk, and the Valks'

---

[11] *See In re Triplett*, No. 19-42570.

[12] *In re Triplett*, No. 19-42570, ECF No. 1.

[13] *Id.*

[14] *In re Triplett*, No. 19-42570, ECF No. 4.

[15] *In re Triplett*, No. 19-42570, ECF No. 27.

[16] *In re Triplett*, No. 19-42570, ECF No. 28.

[17] *In re Triplett*, No. 19-42570, ECF No. 29.

[18] *In re Triplett*, No. 19-42570, 1, ECF No. 27.

[19] *Id.* at 3-4.

[20] *In re Triplett*, No. 19-42570, 3-7, ECF No. 32.

business, Platinum Construction.  The list of legal proceedings also included lawsuits brought by the Plaintiffs, Jeremy Haltom and Keith Black, against the Debtor.[21]

8.     These legal proceedings include the following:

    a.    *Black v. DFW Design & Remodeling, LLC, et.* al, No. DC-18-14952, 162nd Civil District Court, Dallas County.

    b.    *Haltom v. DFW Design & Remodeling, LLC, et. al.*, No. DC-17-16085, 298th Civil District Court, Dallas County.

    c.    *Haltom v. DFW Design & Remodeling, LLC, et. al.*, No.18-01418, 68 Civil District Court, Dallas County.

    d.    *Valk v. Triplett, et. al.*, No. 1-18-0257, 382nd Judicial District Court, Rockwall County.

    e.    *Valk v. Triplett, et. al.*, No. 1-18-0096, 439th Judicial District Court, Rockwall County.

    f.    *Valk, et. al.  v. Triplett*, No. 3:18-cv-01443-G, United States District Court for the Northern District of Texas.

    g.    *Triplett v. Valk, et. al.*, No. DC-18-05263, 162nd Civil District Court, Dallas County.

9.     On Schedule C, Debtor claimed his home and various household items as exempt from creditors.[22]

10.    On Schedule A/B, Debtor stated that Ron Valk owed him an unknown amount of money.[23]

11.    Debtor filed an Amended SOFA and Amended Schedule A/B on October 17, 2019.[24]

12.    The Trustee held the § 341 creditors meeting on November 13, 2019.[25]

---

[21] *Id.*

[22] *In re Triplett*, No. 19-42570, 9-10, ECF No. 27.

[23] *Id.* at 5.

[24] *In re Triplett*, No. 19-42570, ECF Nos, 32, 33.

[25] *See In re Triplett*, No. 19-42570.

13.    Plaintiffs, Shawn Valk and Ron Valk (the "Valks"), filed a "Motion for
       Examination Under Rule 2004" (the "2004 Motion") on November 18, 2019.[26]  On
       December 13, 2019, Jeremy Haltom and Keith Black both respectively filed a
       "Joinder in Creditor Shawn Valk and Ron Valk's Motion for Examination Under
       Bankruptcy Rule 2004."[27]

14.    The Valks filed a "Motion to Extend Deadline for Filings Complaints under 11
       U.S.C. §§ 523 and 727" on December 13, 2019,[28] which Mr. Haltom and Mr.
       Black joined on December 16, 2019.[29]  Debtor objected on December 27, 2019.[30]
       The Court granted the motion on January 31, 2020.[31]

15.    The Court granted the 2004 Motion filed by the Valks, and joined by Mr. Haltom
       and Mr. Black, on February 2, 2020.[32]  The Court ordered Debtor to "submit to a
       ten (10) hour examination that may be split into two different days (the
       "Examination"), to be taken by the Plaintiffs.[33]

16.    Plaintiff, Shawn Valk, filed a "Complaint for Declaratory Relief and to Determine
       the Allocation and Distribution of Funds Upon Winding Up of TV Arrowhead,
       LLC" on February 25, 2020.[34]  Plaintiffs, Ron Valk, Jeremy Haltom, and Keith
       Black, were not named parties in this proceeding.

---

[26] *In re Triplett*, No. 19-42570, ECF No. 50.

[27] *In re Triplett*, No. 19-42570, ECF Nos. 63, 64.

[28] *In re Triplett*, No. 19-42570, ECF No. 62.

[29] *In re Triplett*, No. 19-42570, ECF Nos. 69, 73.

[30] *In re Triplett*, No. 19-42570, ECF No. 72.

[31] *In re Triplett*, No. 19-42570, ECF No. 97.

[32] *In re Triplett*, No. 19-42570, ECF No. 99.

[33] *Id.* at 2, ¶ 3.

[34] *In re Triplett*, No. 19-42570, ECF No. 103.

17.     Plaintiffs filed a "Second Motion to Extend Time to File Complaint to Determine Dischargeability" on February 28, 2020.[35]  The Court granted the motion on March 16, 2020.[36]

18.     On May 18, 2020, an attorney for Plaintiffs conducted a 2004 Examination of Debtor.[37]

   a.     When questioned during the 2004 Exam about whether he received any 1099s for 2015, Debtor stated, "I probably got them, but your clients [Plaintiffs] destroyed my documents."[38]

   b.     Debtor also denied being a member, agent, or employee of Copper Creek, which he described as "Doni's Company."[39]

19.     Plaintiffs filed a joint "Motion to Compel Debtor to Complete 2004 Examination" (the "Motion to Compel") on June 2, 2020.[40]  Debtor objected to the Motion to Compel on June 23, 2020.[41]

20.     On July 14, 2020, the Court held a hearing on the Motion to Compel filed jointly by all Plaintiffs, which it then granted on July 21, 2020.[42] The Court ordered Debtor to "re-appear and continue to give testimony and be deposed for no longer than six (6) hours, on the record, by Creditors in connection with Triplett's Rule 2004 examination...If additional time is needed, Triplett shall appear, testify, and

---

[35] *In re Triplett*, No. 19-42570, ECF No. 104.

[36]  *In re Triplett*, No. 19-42570, ECF No. 113.

[37] *Black*, Adv. No. 20-4057, Ex. L, ECF No. 170-12*; Valk*, Adv. No. 20-04058, Ex. L, ECF No. 190-12; *Haltom*, Adv. No. 20-4059, Ex. L, ECF No. 172-12.

[38]  *Black*, Adv. No. 20-4057, 4, Ex. L, ECF No. 170-12; *Valk*, Adv. No. 20-04058, 4, Ex. L, ECF No. 190-12; *Haltom*, Adv. No. 20-4059, 4, Ex. L, ECF No. 172-12.

[39]  *Black*, Adv. No. 20-4057, 33, Ex. L, ECF No. 170-12; *Valk*, Adv. No. 20-04058, 33, Ex. L, ECF No. 190-12; *Haltom*, Adv. No. 20-4059, 33, Ex. L, ECF No. 172-12.

[40] *In re Triplett*, No. 19-42570, ECF No. 124.

[41] *In re Triplett*, No. 19-42570, ECF No. 130.

[42] *In re Triplett*, No. 19-42570, ECF No. 152.

be deposed by Creditors in connection with Triplett's Rule 2004 examination for no longer than three (3) hours, on the record..."[43]

21.    Plaintiffs collectively filed a "Motion to Compel Discovery and Request for Sanctions" (the "Motion to Compel Discovery") on September 29, 2020.[44]  Debtor objected to the Motion to Compel Discovery on October 20, 2020.[45]

22.    On December 3, 2020, Debtor filed a "Motion to Stay Bankruptcy and Adversary Proceedings Pending Resolution of Criminal Proceedings and, Alternative, Motion for Protection."[46]  The Court denied the motion on February 23, 2021.[47]

23.    After a hearing on December 4, 2020, the Court entered an "Order Granting in Part/Denying in Part Creditors' Motion to Compel Discovery and Request for Sanctions."[48]  The Court ordered Debtor to pay Plaintiffs $500.00 for reasonable attorneys' fees, and denied the remainder of the Motion to Compel Discovery.[49]

24.    On August 3, 2021, the Trustee filed a "Motion to Sell Estate Claims,"[50] followed by an "Amended Motion to Sell" filed on August 12, 2021.[51]  In this motion, the Trustee sought permission to sell certain claims owned by Debtor's estate against recipients of allegedly avoidable transfers to the Valks.  These included the following:[52]

---

[43] *Id*. at 1-2, ¶ 2.

[44] *In re Triplett*, No. 19-42570, ECF No. 171.

[45] *In re Triplett*, No. 19-42570, ECF No. 174.

[46] *In re Triplett*, No. 19-42570, ECF No. 195.

[47] *In re Triplett*, No. 19-42570, ECF No. 222.

[48] *In re Triplett*, No. 19-42570, ECF No. 196.

[49] *Id*.

[50] *In re Triplett*, No. 19-42570, ECF No. 247.

[51] *In re Triplett*, No. 19-42570, ECF No. 252.

[52] *Id*. at 2, ¶ 4.

a.   Pending counterclaims and causes of action asserted by Debtor in *Ron Valk v. Jose Doniceth Escoffie et al.*, No. 1-18-0096, pending in the 439rd Judicial District Court of Rockwall County, Texas.

b.   Pending claims and causes of action asserted by the Debtor, individually, and Debtor's d/b/a DFW Design & Remodeling, LLC in that certain action styled *Donald Triplett et al. v. Shawn Valk et al.*, Cause No. DC-18-05263, pending in the 162nd Judicial District Court of Dallas County, Texas.

c.   Pending counterclaims and causes of action asserted by the Debtor, individually, and Debtor's d/b/a DFW Design & Remodeling, LLC in that certain action styled *Mike Anderson v. Don Triplett, et al.*, Cause No. DC 18-01339, pending in the 193rd Judicial District Court of Dallas County, Texas.

d.   Potential avoidance actions 11 U.S.C. §§§ 547, 554, and 550, and other claims and causes of action against the Debtor, his non-filing spouse Jose Doniceth Escoffie, and their respective and/or related entities under 11 U.S.C. §§§ 547, 554, and 550.

e.   Certain liens recorded by the Debtor, including: (1) Lien Affidavit against Ronald Valk d/b/a Platinum Construction and Platinum Storage Maple LLC in the real property records of Dallas County, Doc. 201700333379, (2) Lien Affidavit against Ronald Valk d/b/a Platinum Construction and Platinum Storage LLC in the real property records of Rockwall County, Doc. 20170000021975, and (3) Lien Affidavit against Ronald Valk d/b/a Platinum Construction and Platinum Storage Maple LLC in the real property records of Dallas County, Doc. 201700333378.

25.   Debtor objected to the "Amended Motion to Sell" on August 25, 2021.[53]   On August 30, 2021, the Court approved the Trustee's sale of these claims to Plaintiffs, Shawn Valk d/b/a Platinum Construction, and Ronald Valk d/b/a Platinum Construction.[54]

26.   On October 26, 2021, the Trustee filed a Report of Sale of estate claims and rights to Shawn Valk d/b/a/ Platinum Construction and Ronald Valk d/b/a Platinum Construction, for $50,000.00.[55]

---

[53] *In re Triplett*, No. 19-42570, ECF No. 256.

[54] *Id.*

[55] *In re Triplett*, No. 19-42570, ECF No. 271.

27.    The Trustee filed a Final Report on April 28, 2023.[56]

*Adversary Proceedings at Issue*

28.    On December 11, 2020, the Plaintiffs each filed a "Motion to Bifurcate Their Claims Under 11 U.S.C. § 727 From Their Claims Under 11 U.S.C. § 523 and Those Arising Under State Law" in their respective cases.[57]

29.    On January 26, 2021, the Court entered in each adversary proceeding an "Order Granting Plaintiffs' Motion to Bifurcate Claims; Granting in Part and Denying in Part Defendant's Motion to Stay Adversary Proceedings Pending Resolution of Criminal Proceedings; Severing Counts 8-9-10-11 of Complaint into Separate Adversary Proceeding; and Abating New Adversary Proceeding Regarding § 523 Claims."[58]

30.    Plaintiffs each filed a "Motion to Compel Deposition of Jose Doniceth Escoffie" on May 28, 2021, which led to a discovery dispute.[59]    Debtor objected to the motions on June 11, 2021.[60]    After the Court granted the motions in part, Plaintiffs each filed a subpoena on July 2, 2021,[61] followed by a "Motion to Hold Debtor in Contempt for Violating [Order Granting in Part Plaintiff's Motion to Compel Deposition of Jose Doniceth Escoffie]," filed on July 16, 2021.[62]    Debtor objected to these motions, and filed his "Motion to Hold Brandon Tittle, Plaintiffs' Counsel,

---

[56] *In re Triplett*, No. 19-42570, ECF No. 314.

[57] *Black v. Triplett*, Adv. No. 20-4057, ECF No. 21; *Valk v. Triplett*, Adv. No. 20-4058, ECF No. 21; *Haltom v. Triplett*, Adv. No. 20-4059, ECF No. 21.

[58] *Black*, Adv. No. 20-4057, ECF No. 28; *Valk*, Adv. No. 20-4058, ECF No. 28; *Haltom*, Adv. No. 20-4059, ECF No. 28.

[59] *Black*, Adv. No. 20-4057, ECF No. 48; *Valk*, Adv. No. 20-4058, ECF No. 48; *Haltom*, Adv. No. 20-4059, ECF No. 48.

[60] *Black*, Adv. No. 20-4057, ECF No. 50; *Valk*, Adv. No. 20-4058, ECF No. 50; *Haltom*, Adv. No. 20-4059, ECF No. 50.

[61] *Black*, Adv. No. 20-4057, ECF No. 57; *Valk*, Adv. No. 20-4058, ECF No. 57; *Haltom*, Adv. No. 20-4059, ECF No. 57.

[62] *Black*, Adv. No. 20-4057, ECF No. 59; *Valk*, Adv. No. 20-4058, ECF No. 59; *Haltom*, Adv. No. 20-4059, ECF No. 59.

in Contempt" (the "Debtor's Contempt Motion"), on July 28, 2021.[63]  Plaintiffs objected to Debtor's Contempt Motion on August 10, 2021.[64]  The Court denied both parties' motions on September 27, 2021.

31.   On November 26, 2021, the Debtor objected to Plaintiffs' subpoena of Mr. Escoffie.[65]

32.   Mr. Escoffie filed his own "Motion to Quash and/or Modify Subpoena to Nonparty" (the "Motion to Quash") that same day.[66]

33.   On December 3, 2021, Plaintiffs filed a "Motion for Sanctions against Donald R. Triplett, Jr., For the Unauthorized Practice of Law," for allegedly drafting Mr. Escoffie's Motion to Quash.[67]

34.   After a hearing on December 6, 2021, the Court entered an "Order Granting in Part Motions to Quash and/or Modify Subpoena to Nonparty for Deposition of Jose Doniceth Escoffie" on December 7, 2021, ordering Mr. Escoffie to participate in a deposition.[68]

35.   On January 10, 2022, the Court entered an "Order Granting in Part and Denying in Part Plaintiff's Amended Motion for Sanctions Against Donald R. Triplett, Jr., For the Unauthorized Practice of Law."[69]

---

[63] *Black*, Adv. No. 20-4057, ECF No. 61; *Valk*, Adv. No. 20-4058, ECF No. 61; *Haltom*, Adv. No. 20-4059, ECF No. 62.

[64] *Black*, Adv. No. 20-4057, ECF No. 62; *Valk*, Adv. No. 20-4058, ECF No. 62; *Haltom*, Adv. No. 20-4059, ECF No. 63.

[65] *Black*, Adv. No. 20-4057, ECF No. 73; *Valk*, Adv. No. 20-4058, ECF No. 73; *Haltom*, Adv. No. 20-4059, ECF No. 75.

[66] *Black*, Adv. No. 20-4057, ECF No. 74; *Valk*, Adv. No. 20-4058, ECF No. 74; *Haltom*, Adv. No. 20-4059, ECF No. 76.

[67] *Black*, Adv. No. 20-4057, ECF No. 81; *Valk*, Adv. No. 20-4058, ECF No. 81; *Haltom*, Adv. No. 20-4059, ECF No. 83.

[68] *Black*, Adv. No. 20-4057, ECF No. 91; *Valk*, Adv. No. 20-4058, ECF No. 90; *Haltom*, Adv. No. 20-4059, ECF No. 93.

[69] *Black*, Adv. No. 20-4057, ECF No. 94; *Valk*, Adv. No. 20-4058, ECF No. 93; *Haltom*, Adv. No. 20-4059, ECF No. 96.

36.     On February 15, 2022, the Plaintiffs each filed an "Emergency Motion for Protective Order," contending a twenty (20) day deposition notice submitted by Defendant was inappropriate.[70]  The Court held a hearing on February 17, 2022, where Defendant withdrew the deposition notices, rendering the motions moot.

37.     On February 18, 2022, the Valks filed another subpoena concerning Mr. Escoffie.[71]

38.     On March 6, 2022, Mr. Escoffie filed another "Motion to Quash and/or Modify Subpoenas to Nonparties."[72]

39.     On March 10, 2022, the Court entered an "Order Granting in Part Motion to Quash and/or Modify Subpoenas to Parties," ordering that the documents Plaintiffs sought via the subpoenas were discoverable and should be produced by Mr. Escoffie, subject to a number of conditions.[73]

40.     On April 11, 2022, the Plaintiffs each filed: (1) "Plaintiffs' Motion for Protective Order Against Subpoena Issued to Sonia Paleo Garcia;"[74] and (2) "Motion for Protective Order Against Subpoena Issued to Donald Southerland."[75]

41.     Sonia Paleo Garcia was a former employee of the Debtor subsequently employed by the Valks.[76]

---

[70] *Black*, Adv. No. 20-4057, ECF No. 99; *Valk*, Adv. No. 20-4058, ECF Nos. 99, 100; *Haltom*, Adv. No. 20-4059, ECF No. 101.

[71] *Valk*, Adv. No. 20-5058, ECF No. 112.

[72] *Valk*, Adv. No. 20-5058, ECF No. 117.

[73] *Valk* , Adv. No. 20-5058, ECF No. 120.

[74] *Black*, Adv. No. 20-4057, ECF No. 113; *Valk*, Adv. No. 20-4058, ECF No. 124; *Haltom*, Adv. No. 20-4059, ECF No. 114.

[75] *Black*, Adv. No. 20-4057, ECF No. 114; *Valk*, Adv. No. 20-4058, ECF No. 125; *Haltom*, Adv. No. 20-4059, ECF No. 102.

[76] *Black*, Adv. No. 20-4057, 46, Ex. L, ECF No. 170-12.

42. On April 15, 2022, the Court entered an "Order on Motions for Protective Orders," denying the motions made by the Plaintiffs on behalf of Ms. Garcia and Mr. Southerland.[77]

43. On June 14, 2022, Defendant filed another "Motion for Sanctions" against Plaintiffs and their counsel, Brandon J. Tittle.[78]

44. On June 21, 2022, the Court entered an "Order Dismissing Defendant's Motion for Sanctions" because the motion did not contain the requisite negative notice language pursuant to LBR 7007.[79]

45. On June 23, 2022, Defendant filed a "Motion to Compel Deponent Sonia Garcia and for Sanctions," which he amended on June 24, 2022.[80]  Plaintiffs each filed a "Motion to Quash Subpoena, or in the alternative Motion for Protective Order" on behalf of Ms. Garcia on June 24, 2022.[81]

46. Debtor filed a second "Motion for Sanctions" against Plaintiffs and their counsel, Brandon J. Tittle, on June 28, 2022.[82]  The Court entered interim orders in each respective adversary deferring consideration of the motion until trial for these proceedings.[83]

---

[77] *Black*, Adv. No. 20-4057, ECF No. 121; *Valk*, Adv. No. 20-4058, ECF No. 133; *Haltom*, Adv. No. 20-4059, ECF No. 123.

[78] *Black*, Adv. No. 20-4057, ECF No. 128; *Valk*, Adv. No. 20-4058, ECF No. 140; *Haltom*, Adv. No. 20-4059, ECF No. 130.

[79] *Black*, Adv. No. 20-4057, ECF No. 129; *Valk*, Adv. No. 20-4058, ECF No. 143; *Haltom*, Adv. No. 20-4059, ECF No. 131.

[80] *Black*, Adv. No. 20-4057, ECF No. 130; *Valk*, Adv. No. 20-4058, ECF No. 149; *Haltom*, Adv. No. 20-4059, ECF No. 132.

[81] *Black*, Adv. No. 20-4057, ECF No. 137; *Valk*, Adv. No. 20-4058, ECF No. 156; *Haltom*, Adv. No. 20-4059, ECF No. 139.

[82] *Black*, Adv. No. 20-4057, ECF No. 141; *Valk*, Adv. No. 20-4058, ECF No. 165; *Haltom*, Adv. No. 20-4059, ECF No. 143.

[83] *Black*, Adv. No. 20-4057, ECF No. 162; *Valk*, Adv. No. 20-4058, ECF No. 186; *Haltom*, Adv. No. 20-4059, ECF No. 165.

47.    On June 29, 2022, the Court entered a "Sua Sponte Order on Discovery Motions Regarding Deposition of Sonia Paleo Garcia," ordering Plaintiffs to file amended complaints in each of their respective cases, and Debtor to file an amended answer in each case.[84]

48.    Plaintiffs filed a "First Amended Complaint to Object to Discharge" on July 12, 2022.[85]

49.    Defendant filed his "First Amended Answer" on July 26, 2022.[86]

50.    On August 2, 2022, Defendant served deposition notices upon each of the Plaintiffs.[87]

51.    On August 4, 2022, the Plaintiffs each filed an "Emergency Motion for Protective Order" seeking to avoid depositions. [88]

52.    On August 8, 2022, the Court entered an "Order Granting and Denying in Part Discovery Motions and Imposing Sua Sponte Meet and Confer Requirement," finding Debtor was entitled to take depositions of each of the Plaintiffs, and again ordered Plaintiffs, Defendant, and their respective counsel to comply with the meet and confer requirement pursuant to Local Rule CV-7(h) and (i).[89]

---

[84] *Black*, Adv. No. 20-4057, ECF No. 142; *Valk*, Adv. No. 20-4058, ECF No. 166; *Haltom*, Adv. No. 20-4059, ECF No. 144.

[85] *Black*, Adv. No. 20-4057, ECF No. 145; *Valk*, Adv. No. 20-4058, ECF No. 169; *Haltom*, Adv. No. 20-4059, ECF No. 147.

[86] *Black*, Adv. No. 20-4057, ECF No. 150; *Valk*, Adv. No. 20-4058, ECF No. 174; *Haltom*, Adv. No. 20-4059, ECF No. 152.

[87] *Black*, Adv. No. 20-4057, ECF No. 151; *Valk*, Adv. No. 20-4058, ECF Nos. 175, 176; *Haltom*, Adv. No. 20-4059, ECF No. 153.

[88] *Black*, Adv. No. 20-4057, ECF No. 152; *Valk*, Adv. No. 20-4058, ECF No. 179; *Haltom*, Adv. No. 20-4059, ECF No. 154.

[89] *Black*, Adv. No. 20-4057, ECF No. 154; *Valk*, Adv. No. 20-4058, ECF No. 180; *Haltom*, Adv. No. 20-4059, ECF No. 156.

53.     On August 13, 2022, Defendant filed an "Expedited Motion to Compel Deposition; Alternatively, Motion to Amend Scheduling Order."[90]  The Court granted the motion on August 18, 2022.[91]

54.     On August 14, 2022, Defendant filed a "Second Notice of Intention to Take Oral Deposition of Plaintiff Ron Valk."[92]

55.     On August 17, 2022, Defendant filed a: (1) "Motion to Compel Re-deposition of Deponent Shawn Valk";[93] and (2) "Motion for Sanctions" against Shawn Valk and Plaintiffs' counsel, Brandon J. Tittle.[94]

56.     On August 18, 2022, the Court entered an "Interim Order Regarding Motion for Sanctions, Compelling Deposition of Sonia Garcia, and Sua Sponte Order Amending Scheduling Order in Case 20-4058."[95]  The Court deferred hearing Defendant's sanctions motions until trial, again ordered Ms. Garcia to be deposed by Defendant, and extended the discovery deadline in Adv. No. 20-4058 to allow for the timely deposition of Ms. Garcia.

57.     Plaintiffs filed the Motions at issue on September 11, 2022.[96]

58.     On October 20, 2022, Defendant filed a "Motion to Strike Plaintiffs' Expert Witness," in which Defendant sought to have Mr. Donald Southerland struck as an

---

[90] *Black*, Adv. No. 20-4057, ECF No. 156; *Haltom*, Adv. No. 20-4059, ECF No. 158.

[91] *Black*, Adv. No. 20-4057, ECF No. 161; *Haltom*, Adv. No. 20-4059, ECF No. 163.

[92] *Valk*, Adv. No. 20-4058, ECF No. 182.

[93] *Valk*, Adv. No. 20-4058, ECF No. 183.

[94] *Valk*, Adv. No. 20-4058, ECF No. 184.

[95] *Black*, Adv. No. 20-4057, ECF No. 163; *Valk*, Adv. No. 20-4058, ECF No. 185; *Haltom*, Adv. No. 20-4059, ECF No. 164.

[96] *Black*, Adv. No. 20-4057, ECF No. 170; *Valk*, Adv. No. 20-4058, ECF No. 194; *Haltom*, Adv. No. 20-4059, ECF No. 172.

expert witness.[97]  The Court entered an "Omnibus Order Dismissing Motions to Strike Plaintiffs' Expert Witness" on November 7, 2022.[98]

59.  On November 4, 2022, Plaintiffs filed the "Creditors' Motion to Strike and Motion for Sanctions."[99]  The Court dismissed the motion on November 7, 2022 for failure to comply with the meet and confer requirement under CV-7(h) and (i).[100]

60.  On November 7, 2022, Defendant filed an "Amended Motion to Strike Plaintiffs' Expert Witness."[101]  The Court entered an order granting the motion on March 9, 2023.[102]

61.  On November 8, 2022, Plaintiffs again filed a "Motion to Strike and Motion for Sanctions."[103]  On May 3, 2023, the Court entered an "Omnibus Order Denying Plaintiffs' Motions to Strike and For Sanctions."[104]

62.  Defendant filed a "Motion for Summary Judgment" on November 13, 2022.[105]

---

[97] *Black*, Adv. No. 20-4057, ECF No. 172; *Valk*, Adv. No. 20-4058, ECF No. 196; *Haltom*, Adv. No. 20-4059, ECF No. 174.

[98] *Black*, Adv. No. 20-4057, ECF No. 176; *Valk*, Adv. No. 20-4058, ECF No. 201; *Haltom*, Adv. No. 20-4059, ECF No. 178.

[99] *Black*, Adv. No. 20-4057, ECF No. 175; *Valk*, Adv. No. 20-4058, ECF No. 200; *Haltom* Adv. No. 20-4059, ECF No. 177.

[100] *Black*, Adv. No. 20-4057, ECF No. 177; *Valk*, Adv. No. 20-4058, ECF No. 202; *Haltom*, Adv. No. 20-4059, ECF No. 179.

[101] *Black*, Adv. No. 20-4057, ECF No. 178; *Valk*, Adv. No. 20-4058, ECF No. 203; *Haltom*, Adv. No. 20-4059, ECF No. 180.

[102] *Black*, Adv. No. 20-4057, ECF No. 192; *Valk*, Adv. No. 20-4058, ECF No. 216; *Haltom*, Adv. No. 20-4059, ECF No. 193.

[103] *Black*, Adv. No. 20-4057, ECF No. 179; *Valk*, Adv. No. 20-4058, ECF No. 204; *Haltom*, Adv. No. 20-4059, ECF No. 181.

[104] *Black*, Adv. No. 20-4057, ECF No. 196; *Valk*, Adv. No. 20-4058, ECF No. 220; *Haltom*, Adv. No. 20-4059, ECF No. 197.

[105] *Black*, Adv. No. 20-4057, ECF No. 182; *Valk*, Adv. No. 20-4058, ECF No. 207; *Haltom*, Adv. No. 20-4059, ECF No. 184.

63.    On December 12, 2022, Plaintiffs filed a "Motion to Strike and For Sanctions Under Bankruptcy Rule 9011 Against Donald R. Triplett, Jr."[106]  On May 4, 2023, the Court entered an "Interim Order Regarding Motions to Strike and For Sanctions Under Bankruptcy Rule 9011 Against Donald R. Triplett, Jr."[107]  The Court deferred hearing the motions until trial for the adversary proceedings.

64.    On March 22, 2023, the Court entered an "Omnibus Order Denying Defendant's Motions for Summary Judgment."[108]

65.    On May 5, 2023, Defendant filed another "Motion to Strike," this time concerning particular summary judgment evidence filed by Plaintiffs.[109]  The Court dismissed the motion for failure to meet notice requirements pursuant to LBR 7007 and LBR 9013.[110]

66.    On May 22, Defendant re-filed the "Motion to Strike."[111]

## V.  Objections to Discharge

Plaintiffs seek summary judgment granting their objections to Defendant's

discharge pursuant to 11 U.S.C. §§§ 727(a)(3), (a)(4)(A), and/or (a)(6)(A).  Objections to

discharge under 11 U.S.C. § 727 must be construed liberally in favor of granting debtors a

---

[106] *Black*, Adv. No. 20-4057, ECF No. 189; *Valk*, Adv. No. 20-4058, ECF No. 213; *Haltom*, Adv. No. 20-4059, ECF No. 190.

[107] *Black*, Adv. No. 20-4057, ECF No. 198; *Valk*, Adv. No. 20-4058, ECF No. 222; *Haltom*, Adv. No. 20-4059, ECF No. 199.

[108] *Black*, Adv. No. 20-4057, ECF No. 194; *Valk*, Adv. No. 20-4058, ECF No. 218; *Haltom*, Adv. No. 20-4059, ECF No. 195.

[109] *Black*, Adv. No. 20-4057, ECF No. 199; *Valk*, Adv. No. 20-4058, ECF No. 224; *Haltom*, Adv. No. 20-4059, ECF No. 200.

[110] *Black*, Adv. No. 20-4057, ECF No. 202; *Valk*, Adv. No. 20-4058, ECF No. 227; *Haltom*, Adv. No. 20-4059, ECF No. 203.

[111] *Black*, Adv. No. 20-4057, ECF No. 203; *Valk*, Adv. No. 20-4058, ECF No. 228; *Haltom*, Adv. No. 20-4059, ECF No. 204.

"fresh start," and construed strictly against creditors. *First United Bank & Trust, Co. v. Buescher (In re Buescher)*, 491 B.R. 419, 431 (Bankr. E.D. Tex. 2013) (citing *Ichinose v. Homer Nat'l Bank (Matter of Ichinose)*, 946 F.2d 1169, 1172 (5th Cir. 1991)). The standard of proof is preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279, 286 (1991); *see also Beaubouef v. Beaubouef (In re Beauboef)*, 966 F.2d 174, 178 (5th Cir. 1992).

A.      11 U.S.C. § 727(a)(3)

"A court may deny a debtor a discharge under 11 U.S.C. § 727(a)(3) if the debtor has destroyed or failed to keep records from which his financial condition may be ascertained." *Judgment Factors, L.L.C. v. Packer (In re Packer)*, 816 F.3d 87, 93-94 (5th Cir. 2016). Plaintiffs contend Debtor failed to turn over: (1) QuickBooks records for Preferred Platinum Construction, DFW Design & Remodeling, and/or Copper Creek; (2) bank account information; and (3) tax returns for 2017, 2018, and 2019.[112] Plaintiffs have the initial burden to "prove that the debtor failed to keep and preserve his financial records and that this failure prevented the party from ascertaining the debtor's financial condition." *Robertson v. Dennis (In re Dennis)*, 330 F.3d 696, 703 (5th Cir. 2003). If the creditor meets this threshold, the burden shifts to the debtor to exhibit that the failure to keep records was justified under the circumstances. *Buescher v. First United Bank &*

---

[112] *Black*, Adv. No. 20-4057, 19, ¶¶ 48-50, ECF No. 170; *Valk*, Adv. No. 20-4058, 19, ¶¶ 48-50, ECF No. 194; *Haltom*, Adv. No. 20-4059, 19, ¶¶ 48-50, ECF No. 172.

*Trust (In re Buescher)*, 783 F.3d 302, 308 (5th Cir. 2015) (citing *Dennis*, 330 F.3d at 703).

Plaintiffs have not met their burden.  Rather, Plaintiffs have identified some inconsistencies in Debtor's statements regarding his financial affairs, but genuine issues of material fact still exist as to what financial information is actually available from the Debtor, and whether the information that has been provided is sufficient to ascertain his financial condition.[113]  Thus, summary judgment must be denied.

B.      11 U.S.C. § 727(a)(4)(A)

Plaintiffs contend Defendant's discharge should be denied for making a false oath pursuant to 11 U.S.C. § 727(a)(4)(A).  To sustain this objection, Plaintiffs must establish the following elements: (1) the debtor made a statement under oath; (2) such statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement was materially related to the bankruptcy case. *Beaubouef*, 966 F.2d at 178.  While fraudulent intent can be difficult to prove, a plaintiff may, in the alternative, utilize circumstantial evidence to demonstrate that a debtor made a false statement with reckless indifference to the truth.  *Id*.  To justify the denial of a debtor's discharge under 11 U.S.C. § 727(a)(4)(A), a false oath may include: "(1) a false statement or omission in the debtor's schedules, or (2) a false statement by the debtor at

---

[113] During the May 18, 2020 2004 Examination of Debtor, he alleged some or all of the Plaintiffs "destroyed" some of his records.  *Black*, Adv. No. 20-4057, 4, Ex. L, ECF No. 170-12; *Valk*, Adv. No. 20-4058, 4, Ex. L, ECF No. 194-12; *Haltom*, Adv. No. 20-4059, 4, Ex. L, ECF No. 177-12.

the examination during the course of the proceedings." *Beaubouef*, 966 F.2d at 178.

"[N]ot every misstatement or omission...constitutes a false oath. Indeed, even multiple

errors do not mandate the finding of a false oath without sufficient evidence of a

fraudulent intent." *Buescher*, 491 B.R. at 432 (citing *Cadle Co. v. Pratt (In re Pratt)*, 411

F.3d 561 (5th Cir. 2005)).

Plaintiffs allege Debtor made the following false statements under oath: (1) Debtor

did not accurately report Mr. Escoffie's monthly salary in his schedules and/or SOFA; (2)

Debtor did not truthfully report the value of his interest in Copper Creek; and (3) Debtor

failed to list all checking, saving, or other financial accounts in his name on Schedule

A/B.[114]

Defendant controverts Plaintiffs' allegation concerning Mr. Escoffie's monthly

salary, stating the Plaintiffs inappropriately muddle "gross income" with "gross

wages."[115]  Defendant also states Plaintiffs failed to include relevant summary judgment

evidence on the issue.  Defendant further disputes Plaintiffs' contention that he had an

ownership interest in Copper Creek which had to be disclosed in his schedules.  Rather,

he maintains he properly disclosed the existence of Copper Creek in his schedules, but did

not include an ownership interest because he never had such an interest.[116]  Finally,

---

[114] *Black*, Adv. No. 20-4057, 10-15,¶¶ 25-38, ECF No. 170; *Valk*, Adv. No. 20-4058, 10-15,¶¶ 25-38 , ECF No. 194; *Haltom*, Adv. No. 20-4059, 10-15,¶¶ 25-38, ECF No. 172.

[115] *Black*, Adv. No. 20-4057, 18, ECF No. 171.

[116] *Black*, Adv. No. 20-4057, 19, ¶ 67, ECF No. 171.

-23-

Debtor disputes Plaintiffs' characterization of his alleged non-disclosure of certain bank accounts. He asserts that although he did not initially include the relevant accounts in his schedules, "when [the] accounts were brought to his attention, he immediately obtained information and disclosed that information" to the Chapter 7 trustee presiding over his bankruptcy case.[117]

The Court finds that multiple genuine issues of material fact exist as to Plaintiffs' claim under § 727(a)(4)(A), including, whether: (1) Debtor properly reported Mr. Escoffie's income on his schedules; (2) Debtor had an interest in Copper Creek which had to be disclosed; and (3) Debtor amended his schedules to correct errors or omissions concerning certain bank accounts. Thus, Plaintiffs' motion for summary judgment as to 11 U.S.C. § 727(a)(4)(A) must be denied.

C.     11 U.S.C. § 727 (a)(6)(A)

A court may deny a discharge if a debtor has refused to obey any lawful order of the court. 11 U.S.C. § 727(a)(6)(A). The debtor's refusal to comply must be willful and intentional.[118] Furthermore, a court has wide discretion in its determination of whether a debtor has "refused" to obey a court order. *See Devers v. Bank of Sheridan, Montana (In re Devers)*, 759 F.2d 751, 755 (9th Cir. 1985).

---

[117] *Black*, Adv. No. 20-4057, 20, ¶ 70, ECF No. 171; *Valk*, Adv. No. 20-4058, 20, ¶ 70, ECF No. 195; *Haltom*, Adv. No. 20-4059, 20, ¶ 70, ECF No. 173.

[118] "Bankruptcy law recognizes that mere failure does not equal refusal where the creditor does not show wilful or intentional disobedience, as opposed to inability, inadvertance, or mistake." 4 *Collier on Bankruptcy*, ¶ 727.09[2] (15th ed. 1979).

Plaintiffs aver the Debtor failed to obey three (3) court orders in the underlying bankruptcy case.[119]  These include: (1) the 2004 Order,[120] (2) First Order Granting Motion to Compel,[121] and (3) Second Order Granting Motion to Compel.[122]  The Court finds a genuine issue of material fact exists as to whether Defendant actually "refused" to obey the relevant court orders.  Thus, Plaintiffs' motion for summary judgment as to 11 U.S.C. 727(a)(6)(A) shall be denied.

## VI.  Evidence Objections

In his "Response to Motion for Summary Judgment," Defendant objects to various summary judgment evidence submitted by Plaintiffs.  The Court shall address each of these objections in turn.

A.    Exhibit E: Motion for Examination Under Bankruptcy Rule 2004

As stated above, the Court takes judicial notice of the docket in Debtor's underlying bankruptcy case, which includes the 2004 Motion at issue.[123]  The trial court

---

[119] *In re Triplett*, No. 19-42570, Ex. G, Ex. O, Ex. S, ECF No. 99.

[120] *In re Triplett*, No. 19-42570, ECF No. 99.

[121] *In re Triplett*, No. 19-42570, ECF No. 152.

[122] *In re Triplett*, No. 19-42570, ECF No. 196.

[123] Taking judicial notice of a court's records is especially "useful in bankruptcy litigation in which individual adversary proceedings and contested matters, each of which is procedurally distinct and has its own record, all occur within, and are affected by, the context of the parent bankruptcy case." *Manix Energy v. James (In re James)*, 300 B.R. 890, 894 (Bankr. W.D. Tex. 2003) (citing 3 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶¶ 201 [03] at 201-35 (1992)).  Furthermore, it is appropriate for a court to "take judicial notice of related proceedings and records in cases before the same court." *MacMillan v. Bloedel Ltd. v. Flintkote Co.*, 760 F.2d 580, 587 (5th Cir. 1985).

generally has discretion over whether to take judicial notice. *See* Fed. R. Evid. 201.

Courts may not ordinarily take judicial notice of factual findings from other proceedings

as probative of the underlying truth of the facts at issue in the other proceedings. *Taylor*

*v. Charter Medical Corp.*, 162 F.3d 827, 830 (5th Cir. 1998). When the finding of fact is

"the type of self-evidence truth that no reasonable person could question, a truism that

approaches platitude or banality," a court may take judicial notice of the underlying facts.

*Id*. Otherwise, a court may take judicial notice of these documents only to prove the fact

of the proceeding itself. *Id*. Thus, the Court overrules Defendant's objection, but does

not take judicial notice of the allegations listed in the 2004 Motion to the extent they are

offered by Plaintiffs for their truth. *See Smith v. Citimortgage, Inc. (In re Smith)*, No. 11-

05136, 2012 WL 1123049, at *2 (Bankr. W.D. Tex. Apr. 3, 2012).

> B.     Exhibit F: Motion to Extend Deadline for Filing Complaints Under 11
> U.S.C. §§ 523 and 727

The Court takes judicial notice of the docket in the Debtor's underlying

bankruptcy case, which includes the "Motion to Extend Deadline for Filing Complaints

Under 11 U.S.C. §§ 523 & 727" (the "Motion to Extend").[124] For the aforementioned

reasons, the Court overrules Defendant's objection, but does not take judicial notice of

the allegations listed in the Motion to Extend to the extent they are offered by Plaintiffs

for their truth. *See Taylor*, 162 F.3d at 830; *see also MacMillan v. Bloedel Ltd. v.*

*Flintkote Co.*, 760 F.2d 580, 587 (5th Cir. 1985).

---

[124] *In re Triplett*, No. 19-42570, ECF No. 62.

C.    Exhibit H: Declaration of JD Reed in Support of Creditor's Motion for Second Extension of Deadline for Filing Complaints Under 11 U.S.C. §§ 523 & 727.

The Court takes judicial notice of the docket in Debtor's underlying bankruptcy case, which includes the filing of the "Declaration of JD Reed."  For the aforementioned reasons, the Court overrules Defendant's objection, but does not take judicial notice of any statements in the declaration to the extent they are offered by Plaintiffs for their truth. *See Taylor*, 162 F.3d at 830; *see also MacMillan*, 760 F.2d at 587.

D.    Exhibit I: Creditor's Emergency Motion for Second Extension of Deadline for Filing Complaints Under 11 U.S.C. §§ 523 & 727

The Court takes judicial notice of the docket in Debtor's underlying bankruptcy case, which includes the "Creditor's Emergency Motion for Second Extension of Deadline for Filing Complaints Under 11 U.S.C. §§ 523 & 727" (the "Second Extension").[125]  For the aforementioned reasons, the Court overrules Defendant's objection, but does not take judicial notice of the allegations listed in the Second Extension Motion to the extent they are offered by Plaintiffs for their truth.  *See Taylor*, 162 F.3d at 830; *see also MacMillan*, 760 F.2d at 587.

E.    Exhibit J: Transcript of Hearing on Second Motion to Extend

The Court overrules Defendant's objection, but does not admit or interpret the hearing transcript to the extent it is offered by Plaintiffs for the truth of the matter asserted.

---

[125] *In re Triplett*, No. 19-42570, ECF No. 105.

F.      Exhibit N: Creditor's Motion to Compel Completion of 2004 Examination
        of Debtor

The Court takes judicial notice of the docket in the Debtor's underlying

bankruptcy case, which includes the "Creditor's Motion to Compel Completion of 2004

Examination of Debtor" (the "Motion to Compel 2004 Exam").[126]  For the

aforementioned reasons, the Court overrules the Defendant's objection, but does not take

judicial notice of the allegations listed in the Motion to Compel 2004 Exam to the extent

they are offered by Plaintiffs for their truth.  *See Taylor*, 162 F.3d at 830; *see also*

*MacMillan*, 760 F.2d at 587.

G.      Exhibit P: Creditor's Motion to Compel Discovery and Request for
        Sanctions

The Court takes judicial notice of the docket in Debtor's underlying bankruptcy

case, which includes the "Creditor's Motion to Compel Discovery and Request for

Sanctions" (the "Motion to Compel Discovery").[127]  For the aforementioned reasons, the

Court overrules Defendant's objection, but does not take judicial notice of the allegations

listed in the Motion to Compel Discovery to the extent they are offered by Plaintiffs for

their truth.  *See Taylor*, 162 F.3d at 830; *see also MacMillan*, 760 F.2d at 587.

H.      Exhibit Q: Declaration of Brandon J. Tittle in Support of Plaintiffs' Motion
        for Summary Judgment

---

[126] *In re Triplett,* No. 19-42570, ECF No. 124.

[127] *In re Triplett*, No. 19-42570, ECF No. 171.

The  Court takes judicial notice of the docket in the Debtor's underlying
bankruptcy case, which includes the "Declaration of Brandon J. Tittle."  For the
aforementioned reasons, the Court overrules the Defendant's objection, but does not
admit any statements in the declaration to the extent they are offered by Plaintiffs for their
truth.  *See Taylor*, 162 F.3d at 830; *see also MacMillan*, 760 F.2d at 587.

## VII.  Conclusion

Based upon the Court's consideration of the pleadings, the summary judgment
evidence submitted therewith, the relevant legal authorities, and for the reasons set forth
herein, the Court concludes that the "Motion(s) for Summary Judgment" filed by the
Plaintiffs, Keith Black, Ron Valk, Shawn Valk, and Jeremy Haltom, are hereby DENIED.
Plaintiffs failed to demonstrate they are entitled to judgment as a matter of law regarding
their objections to discharge under 11 U.S.C. §§ 727(a)(3), (a)(4)(A), and/or (a)(6)(A) in
the "Amended Complaint."  Therefore, these claims must be determined through a trial on
the merits.

Numerous factual issues, however, have been established through the summary
judgment evidence tendered to the Court.  Because the Court has not granted the relief
sought by the Plaintiffs' in their respective "Motion(s) for Summary Judgment," it is
appropriate to state the material facts that are not genuinely in dispute pursuant to Fed. R.
Civ. P. 56(g).  These established facts as set forth in this Memorandum shall not be re-

litigated at the trial for this adversary proceeding.  An appropriate order consistent with

this opinion shall be entered by the Court.


Signed on 07/27/2023

_____

THE HONORABLE JOSHUA P. SEARCY
UNITED STATES BANKRUPTCY JUDGE